## SOUTHERN EXPRESS COMPANY *v.* J. R. WOLFE.

1. EVIDENCE: ACTION TO RECOVER CONTENTS OF TRUNK: PROOF OF.—In an action to recover trunk and its contents, it is not necessary to prove all the articles contained in the trunk, but a witness may be permitted to testify as to his general recollection of contents and its estimated value.

2. SAME: JURY TO WEIGH TESTIMONY OF INTERESTED PARTY.—The jury are to give such weight to the testimony of an interested witness, as in view of the situation of the witness and other circumstances it may be entitled to, and it is improper to instruct the jury, that they must rely on the testimony of such interested witness.

3. SAME: CASE IN JUDGMENT.—The court below instructed the jury, that in an action to recover the contents of a lost trunk, "plaintiff is not required to specify all the articles contained in the trunk, but may state his general recollection of contents and its value; and if the allegations of value be not disproved by other evidence, the statement must be relied on." Held—That the first part of the instruction was correct, the latter erroneous.

ERROR to Circuit Court of Hinds county. Hon. Jno. Watts, judge.

*W. and J. R. Yerger* for plaintiffs in error.

*Johnston and Johnston* for defendant in error.

HANDY, C. J., delivered the opinion of the court.

This was an action brought by the defendant in error against the Express Company to recover the value of a trunk and its contents, placed in charge of the company, as common carriers, to be delivered at Jackson, and which was not delivered, but lost.

The principal ground of error relied on by the plaintiff in error is the following instruction given for the plaintiff:

"In a case of this sort, plaintiff is not required to specify all the articles contained in his trunk. He may state his general recollection of the contents of his trunk and his estimated value thereof; and if the allegations of value be not disproved by other evidence in the cause, plaintiff's statement should be relied on."

The only testimony in the record, as to the contents of the trunk, was that of the plaintiff himself, who testified, in sub-

stance, that he could not say exactly everything that was in the trunk, but he specified a number of articles of wearing apparel and one pistol; stated that the trunk was packed right full of clothes, and contained many articles which he could not then remember. It was a large sole-leather trunk, not much used, and cost him six dollars. He would estimate the value of the trunk and contents at $300 in United States currency. The clothes were good and had not been much injured by use, and many of the articles had been worn only on special occasions. Most of the clothes were bought about 1859. A. Virden testified that clothes were scarce and high in February, 1863. Bloom and Lemly testified as to the value of articles of clothing of the kind specified by the plaintiff in his testimony, and stated the prices at which such articles, if new, could have been purchased in Jackson; and it appears that, according to the prices stated by them, all the articles specified by the plaintiff as contained in his trunk, would have cost in Jackson about $128 or $130 in Confederate money, which, compared with United States currency (greenbacks), was worth $1.50 of the former for $1.00 of the latter—which would make the value of the articles, so far as specified by the plaintiff, about $85.

It is now insisted that the verdict—which was for $238.17—was contrary to the evidence, and that this result was produced by the instruction above stated.

We think the objections to the instruction are well taken. It directs the jury that the plaintiff was not required to specify all the articles in the trunk, but might state his general recollection of its contents and his estimated value. Thus far the instruction was proper; but it proceeds to state, that, if the allegations of value be not disproved by other evidence in the case, his statements should be relied on. This was requiring an impracticable thing of the defendant; for the contents of the trunk were not specified in full by the plaintiff, and so far as they were specified, they appear to amount to not more than one-third of the whole value stated by him. It must necessarily have been impracticable for the defendant to disprove the correctness of the estimate of articles stated by the plaintiff

when the articles for the most part were not enumerated, and were unknown to the defendant. And under such circumstances, the jury were further instructed, that the plaintiff's allegations of value, if not disproved, should be relied on. This part of the instruction was well calculated to mislead the jury, and indeed it directed them that they must take the plaintiff's estimate as true. In this respect, it was not in in accordance with the statute allowing parties to be witnesses in their own behalf.

The statute provides that, in such cases, the court or jury shall " give such weight to the testimony of parties or interested witnesses, as in view of the situation of the witness, and other circumstances, it may be fairly entitled to." Rev. Code, 510, art. 190. It should have been left to the jury to give such weight to the plaintiff's general estimate of the value of the trunk and its contents as they thought proper, under the circumstances. But the court directed them that they must *rely* on such statement; which can only mean that they must take it as true.

For this error the judgment must be reversed, and a new trial awarded.